UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WEST COAST PRODUCTIONS, INC. | * | Case No. 6:12-cv-00670 |
| v. | * | JUDGE DOHERTY |
| SWARM SHARING HASH FILES, ET AL | * | MAGISTRATE JUDGE HILL |

MEMORANDUM ORDER

Fed. R. Civ. P. 20(a)(2) is designed to promote judicial economy and trial convenience. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974); *Guedry v. Marino*, 164 F.R.D. 181, 184 (E.D. La. 1995). Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the "same transaction, occurrence, or series of transactions or occurrences" and when (2) there is at least one common question of law or fact linking all claims. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010); *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 n. 11 (5th Cir.1995). Generally, as long as both prongs of the test are met, "permissive joinder of plaintiffs . . . is at the option of the plaintiffs." *Acevedo,* 600 F.3d at 521 (*quoting Applewhite*, 67 F.3d at 574 n. 11). However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay. *Id*.

Rule 21 of the Federal Rules of Civil Procedure provides as follows:

Misjoinder of parties is not a ground for dismissing an action. On motion or *on its own*, the court may at any time, on just terms, add or drop a party. *The court may also sever any claim against a party*.

(emphasis added).

As set forth in Rule 21, to remedy improperly joined parties, the court should not dismiss the action outright, but the court may, at any time, on just terms, add or drop a party. *LaFace Records, LLC v. Does 1-38*, 2008 WL 544992, *5 (E.D.N.C. Feb. 27, 2008) (*citing* Fed. R. Civ. P. 21). The court may act upon a motion by a party or *sua sponte*. *Id*. The trial court has broad discretion to sever issues to be tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994)

In this case, there are 416 unnamed defendants. The claims against the different defendants will require separate trials as they might involve separate witnesses, different evidence, and different legal theories and defenses, which could lead to confusion of the jury. In similar cases, other courts have held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. *Laface Records*, *supra* (*citing BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006)) (*sua sponte* severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement).

Many courts have severed defendants in swarm cases, particularly those involving numerous John Does. *See Diabolic Video Productions, inc. v. Does 1-2099*, 2011 WL 3100404 (N.D. Cal. Sept. 6, 2011); *Pacific Century Intern. Ltd. v. Does 1-101*, 2011 WL

2690142 (N.D. Cal. July 8, 2011); *MCGIP, Inc. v. Does 1-149*, 2011 WL 3607666 (N.D. Cal. Aug. 15, 2011); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150 (N.D. Cal. 2011).[1]  As the court explained in *Raw Films, Inc. v. Does 1-32*, 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011), this case is part of an "outbreak of similar litigation . . . around the country," in which copyright holders have attempted to assert claims against multiple unknown defendants by joining them, in often large numbers, into a single action as part of a swarm.  *See On The Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500, 502 (N.D.Cal. 2011) (published order).  The swarm joinder theory has been considered by various district courts, the majority of which have rejected it.  *Raw Films, supra* (*citing On The Cheap* at *1 (gathering cases)).

In *BitTorrent Adult Film Copyright Infringement Cases*, *supra*, a case involving 37 defendants, the court ordered severance, finding that "[t]he individualized determinations far outweigh[ed] the common questions in terms of discovery, evidence, and effort required. . . . [S]warm joinder complicates these actions, resulting in waste of judicial resources."  Similarly, *in Raw Films, supra*, the court determined that joinder under Rule 20 "would not result in judicial economy," and exercised its discretion to sever the claims

---

[1] In contrast, other courts have found joinder appropriate at this stage in the litigation and denied motions to sever. *See, e.g.*, *Patrick Collins, Inc. v. John Does 1-15*, 2012 WL 415436 (D.Colo. Feb. 8, 2012); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332, 342–43 (D.D.C.2011); *K-Beech, Inc. v. Does 1-22*, 2011 WL 6000768 (D.Md. Nov. 29, 2011); *K-Beech, Inc. v. Does 1-57*, 2011 WL 5597303 (M.D. Fla. Nov. 1, 2011); *Hard Drive Productions, Inc. v. Does 1-55*, 2011 WL 4889094 (N. D. Ill. Oct. 12, 2011); *Donkeyball Movie, LLC v. Does 1–171*, 2011 WL 1807452, at *4–*5 (D.D.C. May 12, 2011); *West Coast Prod., Inc. v. Does 1–5829*, 275 F.R.D. 9 (D.D.C. Jun.10, 2011).

against the 29 remaining defendants.  Further, in *Pacific Century Int'l v. Does*, 2011 WL 5117424 (N.D. Cal. Oct. 27, 2011), a case involving 101 Does, the court severed the defendants, reasoning as follows:

> The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel it to sever Does 2–101 from this case. An internetbased copyright infringement case with at least 101 defendants would prove a logistical nightmare. It is likely that Defendants would assert different factual and legal defenses, and would identify different witnesses. Case management and trial of 101 such claims would be inefficient, chaotic, and expensive. Each Defendants' varying defenses would require the court to cope with separate discovery disputes and dispositive motions, and to hold separate trials, each based on different evidence. Joining Defendants to resolve what at least superficially appears to be a relatively straightforward case would in fact transform it into a cumbersome procedural albatross. These difficulties would place tremendous burden on Defendants as well. To provide two illustrative examples, each Defendant would have the right to be present at every other Defendant's depositions—a thoroughly unmanageable and expensive ordeal. Similarly, pro se Defendants, who most likely would not e-file, would be required to serve every other Defendant with a copy of their pleadings and other submissions throughout the pendency of the action at substantial cost. The court ... cannot permit a case to proceed in this manner.

Here, 416 defendants are involved, as opposed to the 101 in *Pacific Century*.  If the court there considered a case with 101 Does to potentially be a "logistical nightmare" and a "procedural albatross," then it is inconceivable what kind of legal quagmire an additional 315 defendants could present.  Though the 416 Doe defendants may have engaged in similar behavior, they are likely to present different defenses.  As the court noted in *BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa. 2004), at *2, "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who

4

infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe." *Id*.

For these reasons, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. Accordingly,

**IT IS ORDERED,** *sua sponte*, that all defendants except Doe 1 are hereby **SEVERED** from this action.

**IT IS FURTHER ORDERED** that **within thirty (30) days** from the entry of this Order, plaintiff may file individual complaints against those Doe defendants whom it wishes to proceed. Upon election to proceed, plaintiff shall submit to the Clerk of the Court filing fees for each of the complaints against those defendants whom the plaintiff wishes to proceed. Such cases will be assigned separate civil action numbers and placed on the Court's docket.

**IT IS FURTHER ORDERED** that plaintiff is directed to serve notices on all Doe defendants for whom it has received identifying information. The notices shall inform each John Doe that his or her case has been severed. Plaintiff shall file, under seal, copies of all such notices with the Court and send copies of this Order to all Doe defendants for which it has received identifying information.

**IT IS FURTHER ORDERED** that all subpoenas are hereby **QUASHED**. Additionally, plaintiff is **ORDERED** to notify, at its expense, all those to whom plaintiff has previously given notice of plaintiff's subpoenas that plaintiff will take no further

action in connection with the enforcement of subpoenas against **any defendant** in this case pending further order of the Court.

**IT IS FURTHER ORDERED** that this matter is hereby **STAYED. No additional action may occur until the filing fees are paid**.

**IT IS FURTHER ORDERED** that plaintiff notify Doe defendants for whom it has received identifying information and all involved internet service providers that **no case will remain pending until the filing fees are paid**.

**The Clerk of Court is directed to assign Civil action No. 12-00670 to Doe 1 as an individual defendant**. The actions filed within 30 days of this Memorandum Order against any other Doe defendants severed from this case will be deemed to have been filed as of March 14, 2012 [2002 struck through], the date of the filing of the original Complaint.

Signed August 17, 2012, at Lafayette, Louisiana.

_C. Michael Hill_
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE